UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Criminal No. 05-205 (MJD/JGL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **SYLVESTER RICHARDS GAYEKPAR,** | |
| Defendant. | |

APPEARANCES

David Genrich, Esq., Assistant United States Attorney, for Plaintiff United States of America

Robert Davis, Esq. for Defendant Sylvester Richards Gayekpar

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on July 19, 2005. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

An Indictment was filed against Defendant Gayekpar on June 21, 2005, charging him with one count of possession of altered U.S. currency to defraud another, in violation of 18 U.S.C. § 472. This Court held a pretrial motion hearing on July 19, 2005 at which Defendant was present and

represented by counsel. No witnesses testified, and no exhibits were admitted into evidence.

Defendant's dispositive pretrial motions will be addressed in this Report and Recommendation. Defendant's non-dispositive motions will be addressed in a separate Order.

With respect to Defendant's Motion to Dismiss the Indictment, Defendant's counsel stated at the hearing that the motion was premature, and he orally withdrew the motion. The Court gave Defendant permission to re-file the motion at a later date.

Defendant's Motion to Suppress Evidence sought suppression of evidence obtained from Abdullah Nizh Abdullah and evidence seized from a Chrysler automobile. Defendant acknowledged that the motion was premature as to evidence obtained from Mr. Abdullah because the Government has not yet obtained a search warrant for the contents of Mr. Abdullah's safe. Defendant said he might seek to re-file this motion after the contents of the safe are revealed. Defendant's motion to suppress the evidence from Mr. Abdullah should be denied at this time. The Government did not object to suppression of evidence obtained from the Chrysler, and this part of the motion should therefore be granted.

As to Defendant's Motion to Suppress Statements, the parties agreed at the hearing that the motion was moot, and it should be denied as moot.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

(1)   Defendant's Motion to Dismiss the Indictment (Doc. No. 14) was orally **WITHDRAWN** by Defendant and should be deemed as such;

(2)   Defendant's Motion to Suppress Physical Evidence Obtained as a Result of Search and/or Seizure (Doc. No. 15) should be **DENIED** as to evidence obtained from Abdullah Nizh Abdullah and **GRANTED** as to evidence seized from the Chrysler automobile; and

(3)   Defendant's Motion to Suppress Statements, Admissions, and Answers Made by the Defendant (Doc. No. 16) should be **DENIED AS MOOT**.

Dated:  July 20, 2005

                                 s/ Jonathan Lebedoff
                                 JONATHAN LEBEDOFF
                                 Chief United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by  August 8, 2005  .  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.